# SUPREME COURT.

## THE PEOPLE OF THE STATE OF NEW YORK agt. THE ERIE RAILWAY COMPANY.

*Receiver of Erie Railway — motion to compel his compliance with the terms of a lease executed by the company — action the proper remedy — Parties.*

The Erie and Genesee Valley railroad was, on the 1st day of November, 1871, leased to the petitioner, who, on the eighth day of the same month, rented the same to the Erie Railway Company. On the 26th day of May, 1875, Mr. Jewett was appointed receiver of the Erie Railway Company in an action brought against it and others by the people of the state of New York, and also, on the fifteenth day of June, he was appointed receiver in two other actions brought by trustees of mortgage bondholders to foreclose certain mortgages executed to secure the payment of such bonds. On application by the petitioner to compel the receiver to comply with the terms of the lease, the receiver sets up in his answer his three several appointments ; and whilst he neither admits or denies the making of the two leases, he expressly denies that he either is now operating or has operated said road under said leases.

*Held*, that the court would not, on motion, try and settle a disputed question of fact, on which the rights of the parties may largely depend. It is better, where several grave and important legal questions are to be determined, and where important facts are in dispute, that rights should be settled in an action than on motion.

*Held*, also, that the mortgage bondholders are necessary parties to such an action.

APPLICATION by Lauren C. Woodruff to compel Hugh J. Jewett receiver of the Erie railway to comply with the terms of a lease of the Erie and Genesee Valley railroad.

*John A. Van Derlip*, for petitioner.

*Wm. W. Macfarland*, for Mr. Jewett.

WESTBROOK, J. — The Erie and Genesee Valley railroad, was, on the 1st day of November, 1871, leased and rented to the petitioner Lauren C. Woodruff, who, on the eighth day of the same month, rented the same to the Erie Railway Company.

On the 26th day of May, 1875, Mr. Jewett was appointed receiver of the Erie Railway Company, in an action brought against it and others by the people of the state of New York, and also on the 15th day of June, 1875, he was appointed receiver in two other actions, brought by trustees of mortgage bondholders to foreclose certain mortgages executed to secure the payment of such bonds.

In his answer to the petition the receiver sets up his three several appointments, and whilst he neither admits or denies the making of the two leases of the Erie and Genesee Valley railroad hereinbefore mentioned, but leaves them to be proved by the petitioner, he expressly denies that he either is now operating, or has operated said road under said leases.

It is manifest, then, that the court is required to settle on motion a disputed question of fact, on which the rights of the parties may largely depend, and it is also equally manifest, that if an order is made requiring the receiver to comply with and carry out the terms of the lease, that a very considerable sum of money must be taken from the mortgage bondholders, and paid elsewhere. In addition to this, several very grave and important legal questions are to be determined upon a motion, and among them are these: First. Was the original lease of the Erie and Genesee Valley railroad to the petitioner, Lauren C. Woodruff, valid? Second. Was the lease of the same road from Woodruff to the Erie Railway Company, valid? Third. If invalid, can the Erie Railway Company, which has enjoyed the fruits of the lease, set up such invalidity? Fourth. Can the receiver, if the mortgages under which he has taken possession are older than the lease (the dates of the mortgages are not shown) set up the invalidity of the leases, even though the company could not? And,

fifth' (a mixed question of law and fact) under what agreement is the receiver now operating the Erie and Genesee Valley railroad?

These are a few of the questions which must be passed upon, and they are not only grave and important, but the parties who are interested are not all before the court. The receiver is the custodian of the moneys which he receives. If some of them are directed to be applied to pay rents upon a lease, they will be diverted from the purposes to which under two orders at least making him a receiver, they are pledged. Such diversion may be just and proper, but the parties interested should be heard, and they should be heard in an action to which they are parties.

Perhaps, as moneys in the hands of a receiver are under the control of the court, the latter could, on motion, direct their application, when all persons interested have been heard. As the questions, however, are very grave, and important facts are in dispute, it is better that rights should be settled in an action, than on motion.

The order asked for is denied, without costs and without prejudice to an action to be brought against the receiver of the Erie Railway Company, and such other parties as it may be deemed proper to unite with them therein. Leave to bring such action against the receiver is granted.